**Abatement Order filed September 4, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

———————

### NO. 14-14-00440-CR

———————

### EX PARTE VIDAL ALEXANDER REYES, Appellant

---

**On Appeal from the County Criminal Court at Law No. 10
Harris County, Texas
Trial Court Cause No. 1946698**

---

## ABATEMENT ORDER

The reporter's record in this case was due **June 12, 2014**. *See* Tex. R. App. P. 35.1. On **June 25, 2014**, this court ordered the court reporter to file the record within 10 days. The record was not filed. On **July 16, 2014**, this court again ordered the court reporter to file the record within 10 days. When the court reporter failed to file the record as ordered, this court ordered the court reporter to file the record within 10 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. On **July 16, 2014,** the court reporter informed the court that payment arrangements had not been made for the

record. On **August 01, 2014**, the court reporter informed this court that payment arrangements had been made for the record, and her time to file was extended to **July 28, 2014**. On **August 04, 2014**, she filed a motion for extension of time to file the record which was granted until **August 11, 2014**. The record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **County Criminal Court at Law No. 10** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM